1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THADDEUS BOUDREAUX,                        No.  2:14-cv-0997 GEB DB P

12                     Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    MATTHEW CATE, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

18    action under 42 U.S.C. § 1983.  Plaintiff claims defendants violated his rights under the Equal

19    Protection Clause and the Eighth Amendment when they instituted modified programming, which

20    differed based on an inmate's race.  (Sec. Am. Compl. (ECF No. 20).)  Before the court is

21    defendants' motion to dismiss.  (ECF No. 28.)  Defendants contend plaintiff has failed to state

22    cognizable Fourteenth or Eighth Amendment claims and that they are protected by qualified

23    immunity from this suit.  Also before the court are plaintiff's motion to amend the complaint and

24    motion to defer consideration of the motion to dismiss until the court has ruled on plaintiff's

25    motion to amend.  (ECF Nos. 33, 35.)  Finally, the court also considers here defendants' motion to

26    strike plaintiff's motions to amend and to stay.  (ECF Nos. 33, 34, 35, 37.)  For the reasons set out

27    below, the court denies plaintiff's motion to amend the complaint.  Further, the court recommends

28    ////

1

defendants' motion to dismiss be granted in part and denied in part, plaintiff's motion to stay be denied as moot, and defendants' motion to strike be denied.

## BACKGROUND

This case is proceeding on plaintiff's second amended complaint filed here on July 27, 2015.  (ECF No. 20.)  Therein, plaintiff alleges that, during all relevant times, he was a Level 4 inmate in C-Facility at California State Prison Sacramento ("CSP-Sac").  On December 7, 2011, there was a "disturbance" on the main yard at C-Facility and all Level 4 inmates were placed on a modified program.  On December 12, some inmates were returned to normal programming.  However, Black and Hispanic inmates began a return to normal programming on January 30, 2011 and did not have normal programming reinstituted for eight months.  Plaintiff claims this race-based policy violated his rights to equal protection and that the constraints and restrictions on plaintiff associated with the modified program violated his right to be free from cruel and unusual punishment.[1]

Upon screening on March 31, 2016, the court found service of the second amended complaint appropriate on defendants Clough, the acting C-Facility Captain; defendant Deroco, the C-Facility Captain; defendant Cate, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); and defendant Virga, the Warden of CSP-Sac.  (ECF No. 22.)

On July 13, 2016, defendants filed the present motion to dismiss.  (ECF No. 28.)  Therein, defendants argue:  (1) plaintiff's official-capacity claims are barred by the Eleventh Amendment; (2) plaintiff fails to state a claim against defendant Cate because the prison policy that permitted race-based programming decisions was not unlawful; (3) plaintiff fails to state an Eighth Amendment claim because he has not shown he suffered an extreme deprivation or that defendants acted with deliberate indifference to his health or safety; (4) plaintiff fails to state a claim under the Equal Protection Clause because plaintiff does not allege defendants acted with discriminatory intent; and (5) defendants are protected by qualified immunity because the law

////

---

[1] Plaintiff also claimed a violation of his due process rights.  That due process claim was dismissed.  (See Mar. 31, 2016 Order (ECF No. 22) at 5-7.)

1   was not so clearly established that every reasonable official would know that the modified

2   program here was unlawful.

3          On September 12, 2016, the court granted plaintiff's request for an extension of time to

4   file an opposition to the motion to dismiss.  (ECF No. 32.)  Plaintiff's opposition was thus due on

5   October 11, 2016.

6          On October 14, 2016, plaintiff filed a motion for leave to amend the petition, a motion for

7   an extension of time to file an amended complaint, and a motion to stay proceedings on the

8   motion to dismiss pending a ruling on plaintiff's motion to amend the complaint.  (ECF Nos. 33,

9   34, 35.)

10         On October 18, 2016, defendants filed a motion to strike plaintiff's October 14 motions.

11   (ECF No. 37.)

12         On October 26, 2016, plaintiff filed an "amended complaint" signed October 17, 2016.

13   (ECF No. 38.[2])

14         On October 31, 2016, plaintiff filed an opposition to the motion to dismiss.  (ECF No. 39.)

15                   **MOTION TO DISMISS**

16   **I.**     **Legal Standards**

17        **A.**  **Rule 12(b)(6) Standards**

18         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for

19   "failure to state a claim upon which relief can be granted."  In considering a motion to dismiss

20   pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in

21   question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most

22   favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of

23   Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a

24   claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or

25   "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,

26

27   [2] When this amended complaint was docketed it was erroneously titled "Second Amended
Prisoner Civil Rights Complaint."  (ECF No. 38.)  If permitted, this complaint would be

28   plaintiff's Third Amended Complaint.

550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

**B.   Legal Standards Applicable to Eighth Amendment Claims**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  To prevail on an Eighth Amendment claim, the plaintiff must show, objectively, that he suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298–99 (1991).  The plaintiff must also show that each defendant had, subjectively, a culpable state of mind in causing or allowing plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.

////

The Ninth Circuit has clarified the elements necessary to state a deprivation that rises to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." <u>Id.</u> (citations omitted).

<u>Lopez v. Smith</u>, 203 F.3d 1122, 1132–33 (9th Cir. 2000).  Determining "deliberate indifference" is a two-part inquiry.  <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing <u>Farmer</u>, 511 U.S. at 834).  First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety.  <u>Id.</u>  Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivations, in spite of that risk. <u>Farmer</u>, 511 U.S. at 844 ("Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably."); <u>Thomas</u>, 611 F.3d at 1150.

### C.  Legal Standards Applicable to Equal Protection Claims

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  <u>City of Cleburne, Tex. v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985).  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). To state a viable claim under the Equal Protection Clause, however, a prisoner "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent."  <u>Monteiro v. Tempe Union High School Dist.</u>, 158 F.3d 1022, 1026 (9th Cir. 1998) (citing <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 58 (9th Cir. 1978)).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status."  <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting <u>Maynard v. City of San Jose</u>, 37 F.3d 1396, 1404 (9th Cir. 1994)).

////

Once a prisoner has come forward with evidence of intentional race-based discrimination, prison officials have the burden of proving by a preponderance of the evidence that the disparate treatment is a "narrowly tailored measure [ ] that further[s] compelling governmental interests." Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 227 (1995); Washington v. Davis, 426 U.S. 229, 239-240 (1976).

### D. Legal Standards for Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), receded from, Pearson v. Callahan, 555 U.S. 223 (2009) (the two factors set out in Saucier need not be considered in sequence). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." Ashcroft v. al-Kidd, 563 U.S. 731, 743 (2011). The existence of triable issues of fact as to whether prison officials were deliberately indifferent does not necessarily preclude qualified immunity. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1053 (9th Cir. 2002).

In Noble v. Adams, 646 F.3d 1138 (9th Cir. 2011), the Ninth Circuit determined that prison officials were entitled to qualified immunity with respect to a seven-month lockdown following a prison riot, as

> . . . it was not clearly established in 2002—nor is it established yet—precisely how, according to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercise, during and after a state of emergency called in response to a major riot, here one in which inmates attempted to murder staff.

Id. at 1143; see also Mitchell v. Cate, No. 2:08-cv-1196, 2014 WL 546338, *17 (E.D. Cal. Feb.11, 2014). District courts have since held that "[i]t is not clearly established exactly how or

6

1    when prison officials must lift a lockdown or modified program implemented in response to

2    threats to the safety and security of the institution arising from riots or information that inmates

3    plan to assault staff." Norwood v. Cate, No. 1:09-cv-0330 AWI SAB, 2013 WL 1127604, *23

4    (E.D. Cal. Mar. 18, 2013), findings and recos. adopted, 2013 WL 1876142 (E.D. Cal. May 3,

5    2013).

6        **II.    Analysis**

7            **A.    Official Capacity Claims**

8            Defendants first argue that they may not be sued in their official capacities.   Because

9    plaintiff does not seek injunctive relief, but only damages and declaratory relief, defendants are

10   correct.  Plaintiff's official capacity claim for damages is barred by the Eleventh Amendment.

11   See  Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from

12   damages in federal court action against state remains in effect when state officials are sued for

13   damages in their official capacity).  Plaintiff's damages request against defendants in their official

14   capacities should be dismissed.

15          The Eleventh Amendment does not necessarily preclude "actions for declaratory or

16   injunctive relief brought against state officials in their official capacity." Austin v. State Indus.

17   Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991).  Here, plaintiff also seeks declaratory relief.

18   However, his request for declaratory relief seeks only a declaration that his rights were violated.

19   (See ECF No. 20 at 16.)  Because his claim for damages necessarily entails a determination of

20   whether his rights were violated, his separate request for declaratory relief is subsumed by those

21   claims, and should be dismissed.  Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

22          **B.    Allegations against Defendant Cate**

23          At the time in question, defendant Cate was the Secretary of the CDCR.  Plaintiff alleges

24   Cate violated plaintiff's Fourteenth Amendment rights by approving a race-based policy and by

25   sanctioning a policy that subjected plaintiff to race discrimination.  (ECF No. 20 at 10-11.)   With

26   respect to his Eighth Amendment claim, plaintiff's allegations are incomplete.  He states that Cate

27   "violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment[,]

28   when he _____ the use of an unwritten policy that led to the conditions and treatment of

1  plaintiff, and kept him on modified program for eight (8) months."  (Id. at 13.)  (Blank space in

2  original.)

3        It is not clear whether the "unwritten policy" plaintiff mentions in this paragraph is the

4  same as the "race-base[d] policy" plaintiff alleges in his Fourteenth Amendment claim.  In any

5  event, that determination is not necessary because the court finds below that plaintiff has failed to

6  allege an Eighth Amendment violation against any defendant.  Therefore, the court also need not

7  determine whether plaintiff's specific allegations against defendant Cate for an Eighth

8  Amendment violation are sufficient.

9        With respect to plaintiff's equal protection claim, defendants argue plaintiff only alleges

10 that Cate "sanctioned" a policy allowing modified programming based on race.  Defendants then

11 attempt to frame the allegations against Cate as sanctioning a prison policy that allowed race-

12 based programming decisions by the prison.  However, plaintiff's allegation appears to be more

13 specific than that and do not make the distinction between an overarching policy and a

14 programming decision.  Plaintiff alleges Cate violated his rights by "approving a race-base

15 policy."  (Id. at 10, ¶ 64.)  Plaintiff uses that same "policy" language to allege claims against the

16 remaining defendants.  The court finds plaintiff has sufficiently alleged that Cate was involved in

17 the decision-making that resulted in the race-based programming decision.

18       Defendants also argue that the allegations of plaintiff's complaint show that the modified

19 programming was not based strictly on race because plaintiff identifies "Southern Hispanics" as

20 one of the groups subject to modified programming.  Defendants cite a case from this district in

21 which "Southern Hispanic" is defined as a multiracial gang, not a racial classification.  (ECF No.

22 28-1 at 6 (citing Baker v. Kernan, 795 F. Supp. 2d 992, 993 (E.D. Cal. 2011).)  While it may be

23 true that some groups subject to modified programming were gangs, rather than an entire race, the

24 fact is that plaintiff also alleges all Black inmates were subject to the modified programming.

25 Plaintiff has sufficiently alleged the imposition of modified programming on inmates based on

26 race.

27 ////

28 ////

8

**C.  Eighth Amendment Claims**

Defendants next argue that plaintiff has failed to sufficiently allege either that he suffered a serious deprivation or that defendants were deliberately indifferent under the Eighth Amendment.  This court agrees.  Plaintiff states only that modified programming was instituted and that on January 30, 2011, he was allowed to receive packages and could purchase some canteen items.  Plaintiff also makes a vague allegation that the modified programming affected main yard access.  However, he does not describe how his yard access was affected.

To assert an Eighth Amendment claim, plaintiff must allege two things.  First, he must show that he suffered a sufficiently serious deprivation of his rights.  Plaintiff must allege that he was deprived of "the minimal civilized measure of life's necessities."  Lopez, 203 F.3d at 1132–33.  Specifically, plaintiff must show what rights he lost during modified programming.

The second part of an Eighth Amendment claim is showing that defendants were deliberately indifferent.  Determining "deliberate indifference" is a two-part inquiry.  Thomas, 611 F.3d at 1150.  Plaintiff must show that each of the prison officials was aware of a "substantial risk of serious harm" to his health or safety and that the officials had no "reasonable" justification for the deprivations.  Farmer, 511 U.S. at 844.

The court finds plaintiff should be given one final opportunity to amend his complaint to state an Eighth Amendment claim.  In an amended complaint, plaintiff must describe what programs, privileges, activities, or rights he was denied as a result of the modified programming and why each defendant was deliberately indifferent to plaintiff's rights.

**D.  Fourteenth Amendment Equal Protection Claims**

Defendants next argue that plaintiff has failed to sufficiently allege a violation of his right to equal protection under the Fourteenth Amendment.  Plaintiff alleges that due to a disturbance on C-Facility's Main Yard on December 7, 2011, all Level 4 inmates there were placed on modified programming.  A few days later, "inmates designated as White, Other, Native American & Northern Hispanic" were returned to normal programming.  However, "[a]ll Black, Southern Hispanic & Mexican National inmates" remained on modified programming.  Plaintiff contends implementation of the modified programming was based "solely on the premise of race" and

9

1   treated him differently than those similarly situated.

2          The court finds these allegations sufficient to allege an equal protection violation.  By

3   stating that the modified programming was based on race, and that each defendant was involved

4   in its implementation, plaintiff sufficiently shows at least an "inference of discriminatory intent."

5   Byrd, 565 F.3d at 1212.

6          Defendants argue that modified programming that does not apply equally to all inmates

7   can survive strict scrutiny as a matter of law.  Defendants cite Hurd v. Garcia, 454 F. Supp. 2d

8   1032, 1052 (S.D. Cal. 2006) for this proposition.  In Hurd, the court considered the defendants'

9   motion of summary judgment.  The defendants in that case presented evidence showing:  (1) that

10  a riot between African American and Caucasian inmates lead to the institution of restricted

11  programming for all inmates, (2) that normal programming first resumed for Hispanic and

12  "Other" inmates; and (3) thereafter, normal programming was resumed incrementally for African

13  American and Caucasian inmates.   See 454 F. Supp. 2d at 1052.  Based on the defendants'

14  evidentiary showing, the court found the defendants had demonstrated that the race-based security

15  measures were "narrowly tailored and were implemented to resolve the compelling government

16  interest of restoring prison security and discipline."  Id.

17         In the present case, the court considers a motion to dismiss, not a motion for summary

18  judgment.  In ruling on a motion to dismiss, the court may consider only whether plaintiff states a

19  cognizable claim based on his allegations in the complaint.  See Outdoor Media Group, 506 F.3d

20  at 899.  The court may also consider facts subject to judicial notice.  Id.  Defendants request the

21  court take judicial notice of a press release describing the events leading up to the institution of

22  modified programming in the present case.  (See ECF No. 28-1 at 1-2 n.1.)  However, to the

23  extent the court can take judicial notice of press releases and news articles, it can do so only to

24  "'indicate what was in the public realm at the time, not whether the contents of those articles were

25  in fact true.'"  Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th

26  Cir. 2010) (quoting Alliance Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 401

27  n.15 (3d Cir. 2006)); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1029 (C.D.

28  Cal. 2015).  Accordingly, the court declines to take judicial notice of the press release.

Plaintiff has alleged sufficient, if minimal, facts to state a cognizable claim of discrimination based on race in violation of the Equal Protection Clause of the Fourteenth Amendment.

### E. Qualified Immunity

Defendants' final argument is that they are protected from this suit by qualified immunity because no constitutional violation occurred and because "the law was not so clearly established that every reasonable official would know 'beyond debate' that the modified program here was unlawful." (ECF No. 28-1 at 9.)

Because, as described above, plaintiff has failed to allege an Eighth Amendment claim against any defendants, it is not necessary to address the question of qualified immunity with regard to that claim. With respect to plaintiff's equal protection claim, defendant's argument depends on consideration of facts outside the allegations of the complaint. It is notable that all the cases cited by defendants where race-based modified programming was found to survive strict scrutiny were resolved on summary judgment, not on a motion to dismiss. (See ECF No. 28-1 at 10-11 and cases cited therein.)   At this juncture, a determination of qualified immunity is inappropriate.

### F. Conclusion regarding Defendants' Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555.  For the reasons set forth above, the court finds plaintiff has sufficiently plead an equal protection claim against each defendant.  The court may not, at this time, consider defendants evidence in support of its arguments that the race-based programming decisions satisfy strict scrutiny and establish that defendants are entitled to qualified immunity. Defendants' position on the merits of plaintiff's claims may ultimately prove to be correct. However, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."

1   Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

2   236 (1974)).  Here, plaintiff has adequately alleged a cognizable equal protection claim.

3   Accordingly, defendant's motion to dismiss that claim should be denied.

4          With respect to plaintiff's Eighth Amendment claim, the court recommends permitting

5   plaintiff one last opportunity to amend his petition to allege that claim.  If plaintiff chooses to do

6   so, he is reminded that that in an amended complaint he must clearly identify each defendant and

7   the action that defendant took that violated his constitutional rights.  Plaintiff is also reminded

8   that any amended complaint must be complete in itself without reference to any prior pleading.

9   E.D. Cal. R. 220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

10  amended complaint, the original pleading is superseded.  This means that plaintiff must include all

11  of his allegations in a single amended complaint.

12         Finally, the court finds plaintiff's claims against defendants in their official capacities are

13  barred by the Eleventh Amendment.

**REMAINING MOTIONS**

15         Plaintiff moves for leave to amend his second amended complaint, for an extension of

16  time to submit a third amended complaint, and for a stay of the proceedings on defendants'

17  motion to dismiss pending the court's determination of plaintiff's motion to amend.  (ECF Nos.

18  33, 34, 35.)  Defendant moves to strike these motions.  (ECF No. 37.)

19         Plaintiff moves for leave to amend the second amended complaint in order to address the

20  defects raised by defendants in their motion to dismiss.  (ECF No. 33.)  However, the third

21  amended complaint lodged by plaintiff fails to do that.  (ECF No. 38.)  In that new complaint,

22  plaintiff fails to specify just what each defendant did and just why that defendant violated his

23  rights.  In fact, plaintiff's lodged third amended complaint is likely too vague to survive a motion

24  to dismiss.  For these reasons, the court will deny plaintiff's motion to replace his second

25  amended complaint filed here on July 27, 2015 (ECF No. 20) with the amended complaint filed

26  here on October 26, 2016 (ECF No. 38).  However, as described above, the court finds plaintiff

27  should be given one final opportunity to amend his complaint to include allegations that his

28  Eighth Amendment rights were violated by the modified programming in 2011-2012.

1    Because consideration of plaintiff's amended complaint submitted on October 26, 2016

2  was necessary to rule on plaintiff's motion to amend, plaintiff's motion for an extension of time

3  to file that complaint will be granted.  Because the court denies plaintiff's motion to amend,

4  plaintiff's motion to stay should be denied as moot.  Finally, defendants' motion to strike

5  plaintiff's motions as procedurally and substantively defective will also be denied, in large part

6  because the court's rulings on plaintiff's motion to amend and motion to stay moot defendants'

7  concerns.

8    Accordingly, IT IS HEREBY ORDERED as follows:

9    1.  Plaintiff's October 14, 2016 Motion for Leave to Amend (ECF No. 33) is denied and

10    plaintiff's third amended complaint (ECF No. 38) shall be disregarded.

11   2.  Plaintiff's October 14, 2016 Motion for an Extension of Time (ECF No. 34) is

12    granted.

13    For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

14   1.   Defendants' Motion to Dismiss be granted in part and denied in part.

15    a.  Plaintiff's claims against defendants in their official capacities be dismissed;

16    b.  Plaintiff's claims against defendants for violation of the Eighth Amendment be

17    dismissed without prejudice; and

18    c.  Defendants' motion to dismiss be denied with respect to plaintiff's equal protection

19    claims and with respect to defendants' assertion of qualified immunity.

20   2.  Plaintiff be given thirty days from the date of a ruling on these findings and

21    recommendations to file a Third Amended Complaint.

22   3.  Plaintiff's October 14, 2016 Motion to Stay (ECF No. 35) be denied as moot.

23   4.  Defendants' Motion to Strike (ECF No. 37) be denied.

24    These findings and recommendations will be submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties. The document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

1   objections shall be filed and served within seven days after service of the objections.  The parties

2   are advised that failure to file objections within the specified time may result in waiver of the

3   right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4   Dated:  February 3, 2017

5

6   _____

7   DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14   DLB:9
     DLB1/prisoner-civil rights/boud0997.mtd

15

16

17

18

19

20

21

22

23

24

25

26

27

28